1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9    MONICA L. BYRD,

10              Plaintiff,

11        vs.                              No. CIV. S-10-1914 MCE GGH PS

12   SAND CANYON CORPORATION, et al.,

13              Defendants.          ORDER

14   _____/

15          Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

16   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

17   72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

18          Plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

19   § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

20          The determination that plaintiff may proceed in forma pauperis does not complete

21   the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

22   at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

23   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

24   an immune defendant.

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6          A complaint must contain more than a "formulaic recitation of the elements of a

7  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9  "The pleading must contain something more...than...a statement of facts that merely creates a

10  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

12  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

14  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15  the court to draw the reasonable inference that the defendant is liable for the misconduct

16  alleged."  Id.

17          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

18  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

19  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

20  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

21  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22          Plaintiff alleges, in part, claims under the Truth in Lending Act ("TILA") and the

23  Real Estate Settlement Procedures Act ("RESPA") arising out of plaintiff's refinancing of her

24  mortgage.  The complaint alleges that plaintiff "was solicited around May 2005 by Viking

25  Mortgage with a convincing offer through Option One Mortgage to reduce the mortgage

26  payment."  Plaintiff refers to the closing of that refinancing agreement but does not state when it

1   occurred.  (Compl. ¶ 23.)  This action was filed July 20, 2010.

2          It appears plaintiff's claims may be barred by the statute of limitations if the

3   refinancing referred to was effectuated near the time that plaintiff was solicited.  The TILA cause

4   of action would be barred by the one year statute of limitation (15 U.S.C. § 1640(e)) and any

5   claim for rescission would be similarly barred by the three year statute (15 U.S.C. § 1635(f)).

6   The claims under RESPA would be barred by the one year statute of limitation provided under 12

7   U.S.C. § 2614.  Because it appears plaintiff's claims are time barred and she has not alleged the

8   date that the mortgage at issue was refinanced, the amended complaint will be dismissed.

9   However, leave to amend will be granted.  If plaintiff can allege a claim that is not time barred,

10  consonant with her obligations under Federal Rule of Civil Procedure 11, then she may file an

11  amended complaint.

12         Plaintiff's claims for breach of trust under 18 U.S.C. § 1033 and for "false public

13  recordings," (procuring or offering false or forged instrument for record), under Cal. Penal Code

14  § 115 must fail because criminal statutes do not provide a private right of action.  See, e.g., Ellis

15  v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir.1999) (district court properly dismissed

16  claims brought under the California Penal Code because the statutes do not create enforceable

17  individual rights).  It is also well established that private actions are maintainable under federal

18  criminal statutes in only very limited circumstances.  Cort v. Ash, 422 U.S. 66, 79, 95 S.Ct.

19  2080, 2088 (1975); Bass Angler Sportsman Soc. v. United States Steel Corp., 324 F.Supp. 412,

20  415 (S.D.Ala.1971), citing United States v. Claflin, 97 U.S. 546, 24 L.Ed. 1082 (1878); United

21  States v. Jourden, 193 F. 986 (9th Cir.1912).  If plaintiff chooses to amend her complaint, she

22  must eliminate these criminal statutes which do not provide a private right of action, or these

23  claims will be dismissed.

24         In regard to the claim for "U.S. mail fraud" under 39 U.S.C. § 3005(a), there

25  appears to be no private right of action under this statute which provides for the Postal Service to

26  intercept and return mail.  Rhodes v. Consumers' Buyline, Inc., 868 F. Supp. 368, 378-79 (D.

1 Mass. 1993).  Furthermore, proceedings under this statute must first be brought before

2 administrative agencies, not this court.  <u>Top Choice Distributors, Inc. v. U.S. Postal Service</u>, 138

3 F.3d 463, 465 (2nd Cir. 1998); <u>U.S. Postal Service v. Notestine</u>, 857 F.2d 989, 992 (5th Cir. 1988).

4 If plaintiff continues to raise this claim in her amended complaint, it will most likely be

5 dismissed.

6        Plaintiff is informed that the court cannot refer to a prior pleading in order to

7 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

8 complaint be complete in itself without reference to any prior pleading.  This is because, as a

9 general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

10 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

11 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

12 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13        Good cause appearing, IT IS ORDERED that:

14        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

15        2.  Plaintiff's complaint is dismissed for the reasons discussed above, with leave

16 to file an amended complaint within twenty-eight (28) days from the date of service of this Order.

17 Failure to file an amended complaint will result in a recommendation that this action be

18 dismissed.

19        3.  Upon filing an amended complaint or expiration of the time allowed therefor,

20 the court will make further orders for service of process upon some or all of the defendants.

21 DATED: October 7, 2010

22        /s/ Gregory G. Hollows

23        _____
       GREGORY G. HOLLOWS,
       UNITED STATES MAGISTRATE JUDGE

GGH:076/Byrd1914.amd.wpd

24

25

26