IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONICA L. BYRD,

    Plaintiff,

vs.                       No. CIV. S-10-1914 MCE GGH PS

SAND CANYON CORPORATION, et al.,

    Defendants.         FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        By order of October 7, 2010, plaintiff was informed that her claims under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") arising out of plaintiff's refinancing of her mortgage were most likely barred by the statute of limitations. Plaintiff was given the opportunity to amend her complaint to allege facts indicating that the claims were within the statute of limitations. Plaintiff has now filed an amended complaint. The amended complaint no longer makes claims under TILA and RESPA, but is limited to state law claims under Business and Professions Code §§ 17200 and 17500, and for breach of the implied covenant of good faith and fair dealing, unjust enrichment, and quiet title.

        The court is unable to determine a jurisdictional basis for this action. A federal

1

court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See <u>Kokkonen v. Guardian Life Ins. Co</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See <u>Attorneys Trust v. Videotape Computer Products, Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. <u>See generally</u>, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, <u>Federal Civil Procedure Before Trial</u> § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See <u>Bell v. Hood</u>, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See <u>Hagans v. Lavine</u>, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. <u>Baker v. Carr</u>, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Here, plaintiff has alleged no federal claims whatsoever. Although plaintiff asserts that there is federal question jurisdiction under 12 U.S.C. § 1953, (FAC ¶ 1), this statute governs recordkeeping procedures of insured financial institutions only. It gives authority to the

Secretary of the Treasury for this purpose, but it does not create a cause of action, and plaintiff has not alleged any causes of action by reference to this statute.  See California Bankers Ass'n v. Shultz, 416 U.S. 21, 31, 94 S.Ct. 1494, 1503 (1974).  Plaintiff also references "HOEPA" in the jurisdictional paragraph, however, she does not make any allegations under HOEPA.  (FAC ¶ 1.) A less stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but simple reference to federal law does not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction.  Id.

Plaintiff concedes that defendants Sand Canyon corporation, Cindi Ellis, Marcy Axerold, Fabiola Camperi, and possibly others, are located in California and are therefore not diverse.  (FAC at 3.)

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 18, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

GGH:076  
Byrd1914.fr.wpd